IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RAUL HERRERA-PINA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-10-CV-219-KC |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Raul Herrera-Pina's ("Herrera") *pro se* civil rights complaint under 42 U.S.C. § 1983. Therein, Herrera, a citizen of Mexico, challenges his conviction and sentence for illegal reentry into the United States in EP-08-CR-1907-PRM.[1] He claims a state district court judge misled him into believing that he "may be a U.S. citizen" in a 1998 order concerning a state application for a writ of habeas corpus challenging his 1991 conviction, pursuant to his guilty plea, for attempted murder.[2]

---

[1] In March 1999, federal agents removed Herrera from the United States after his release from state custody following a 1991 conviction, pursuant to a guilty plea, for attempted murder. In January 2002, federal authorities discovered Herrera in El Paso, Texas. He had not obtained the Attorney General's consent to reapply for admission. A grand jury subsequently indicted him for illegal reentry. With the indictment, the Government filed notice that it would seek an enhanced penalty based on his prior conviction for attempted murder. Herrera elected to forego trial and pleaded guilty to the indictment. The Court accepted Herrera's plea and sentenced him to forty-six months' confinement followed by three years' supervised release. *See United States v. Herrera Pena*, EP-02-CR-282-PRM (W.D. Tex. Aug. 9, 2002), *aff'd*, 61 F.App'x 923 (5th Cir. 2003), *cert. denied*, 540 U.S. 844 (2003).

Federal officers removed Herrera from the United States to Mexico again on July 12, 2005. On June 12, 2008, Immigration and Customs Enforcement agents encountered Herrera in El Paso, Texas. A check of the Central Index System, a computerized database related to aliens, confirmed that Herrera had not applied for permission to reenter the United States from either the Attorney General or the Secretary of Homeland Security. A federal grand jury indicted Herrera for this second illegal reentry. With the indictment, the Government filed notice that it would seek an enhanced penalty based on his prior convictions. Herrera pleaded guilty to the indictment. The Court accepted his plea and sentenced him to fifty-one months' confinement followed by three years' supervised release. *See United States v. Herrera Pena*, EP-08-CR-1907-PRM (W.D. Tex. Sep. 18, 2008), *aff'd*, 323 F.App'x 365 (5th Cir. 2009). The Court also granted the Government's motion to revoke Herrera's supervised release and sentenced him to an additional eight months' confinement.

[2] Compl. 7-11 of 11 (Order on Application for Writ of Habeas Corpus, Sep. 21, 1998) [Docket No. 1-1]; *Ex parte Herrera*, WR-39,231-01 (Tex. Crim. App. Nov. 4, 1998).

> The Texas appeals court denied my writ of habeas corpus to remove my guilty plea based upon its judgment that I "may be a U.S. citizen," and, therefore, not entitled to a legal notification that a guilty plea subjected me to deportation.  Then based upon [my] guilty plea in state court the federal government deported me to Mexico.  When I returned to my home in the United States to be with my family, the federal government incarcerated me for illegal reentry.  I am currently serving that incarceration. . . . If the state court was correct in its judgment that I "may be a U.S. citizen," then the federal government erred in deporting me.  If the federal government was correct in deporting me, then the state court erred and should have granted my writ of habeas corpus, in which case I would not have been subject to deportation and would not have been compelled to reenter the United States to be with my family.  I am asking the district court to resolve this dilemma by vacating my current sentence, ordering my release from incarceration, and granting restitution for my federal time served.[3]

A motion to vacate, set aside or correct a sentence filed pursuant to 28 U.S.C. § 2255, not a civil rights complaint, "'provides the primary means of collateral attack on a federal sentence.'"[4]  Accordingly, the Court construes Herrera's complaint as a § 2255 motion.  The Court also notes Herrera previously filed a § 2255 motion challenging his conviction in EP-08-CR-1907-PRM, which the Court denied on May 27, 2010.  Thus, the Court is not required to "warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."[5]

Moreover, after reviewing the available records, the Court finds that Herrera raised similar claims in his prior § 2255 motion.  In his prior motion, Herrera asserted his attorney in

---

[3] Compl. 6 of 11 [Docket No. 1-1].

[4] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[5] *Castro v. United States*, 540 U.S. 375, 383 (2003).

the 1991 state-court criminal proceeding provided constitutionally ineffective assistance when he failed to advise him that, by pleading guilty, he would subject himself to deportation. Further, he knew or should have known of the state district judge's opinion at the time he filed his prior § 2255 motion. The Court finds, therefore, that Herrera's instant pleading is a second or successive petition.[6]

Before a movant may proceed with a second or successive § 2255 motion, a court of appeals panel must first certify that it (1) contains "newly discovered evidence that . . . would be sufficient to establish . . . that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, made retroactive to collateral review by the Supreme Court, that was previously unavailable."[7] These restrictions eliminate "the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first f[in]d[s] that those challenges ha[ve] some merit."[8]

The Court notes that Herrera's pleading has not been certified by a panel of the Fifth Circuit Court of Appeals. Accordingly, Herrera must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[9]

In light of the foregoing findings, the Court concludes that it lacks jurisdiction to consider Herrera's claims.[10] The Court will therefore dismiss Herrera's pleading for want of

---

[6] *Crone v. Cockrell,* 324 F.3d 833. 836-37 (5th Cir. 2003) (explaining that a federal petition is successive when it raises a claim that could have been raised in an earlier petition).

[7] 28 U.S.C.A. § 2255(h) (West 2010). *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (explaining 28 U.S.C.A. § 2244(b)(1)-(3) in the context of a 28 U.S.C. § 2254 petition).

[8] *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

[9] 28 U.S.C.A. § 2244(b)(3)(A) (West 2010).

[10] *Key*, 205 F.3d at 774; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

jurisdiction. This dismissal, however, is without prejudice to Herrera's right to file a motion for leave to file a successive § 2255 motion in the Fifth Circuit.[11]

Accordingly, the Court enters the following orders:

1. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Raul Herrera-Pina's *pro se* civil rights complaint, which the Court construes as a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, for lack of jurisdiction.

2. The Court **DENIES** all pending motions in this cause, if any, as **MOOT**.

**SO ORDERED**.

**SIGNED** on this 26th day of **August, 2010.**

_Kathleen Cardone_
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

---

[11] *See In re Epps*, 127 F.3d at 364 (listing the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).